Opinion issued May 2, 2002








 







In The

Court of Appeals

For The

First District of Texas






NO. 01-99-01414-CR






ROBERT JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 12th District Court

Grimes County, Texas

Trial Court Cause No. 13912






O P I N I O N


 Appellant was charged with aggravated robbery. A jury found appellant guilty
and assessed punishment at sixteen years confinement and an $8,500 fine. On appeal,
appellant argues (1) he was denied effective assistance of counsel during the trial, and
(2) he was denied due process of law because the State withheld exculpatory
evidence. We affirm. 

Factual and Procedural Background

 Appellant was an employee at the WA grocery store in Navasota, Texas. At
approximately 10:00 P.M. on April 4, 1998, a robbery occurred at the store while
appellant and another employee were working. The robber, later learned to be a
juvenile named J.T., was wearing a mask. He pointed a gun at appellant and
delivered his demands through a recorded voice on a tape recorder.

 Based on an anonymous tip, the police questioned appellant. In his written
statement to the police, appellant admitted he told J.T. that the store would be easy
to rob. Appellant admitted he bought J.T. a tape recorder and asked J.T. to keep a
gun for him. Appellant did not admit planning the robbery, and he claimed he did not
recognize J.T. during the robbery. According to appellant, J.T. later told him about
the robbery and gave him $1,000. Appellant took the money and initially covered up
for his friend. Neither appellant nor the anonymous informant testified at trial.

 After being told by the police that appellant had implicated him, J.T. stated that
appellant was also involved in the robbery. J.T. said appellant planned the robbery,
gave him the disguise, recorded the message on the tape recorder, and then divided
the money with him. J.T. then testified for the State at trial. 

 Appellant argues his counsel was ineffective based on his cross-examination
of the investigating police detective, Detective Tucker. During cross-examination,
the following exchange occurred:

[Defense Counsel]: Can you remember the general gist of what you told [J.T.]?

[Detective Tucker]: We talked to him about the fact that we knew he had had
the gun, we talked to him about the information we had
received from the anonymous source that he had been
talking about it and bragging about the robbery.


[Defense Counsel]: In fact, the only information that came from your reliable
source was that [J.T.] was sick about his involvement in it. 
It wasn't that Robert had ever said anything to anybody. It
was only comments that [J.T.] was --


[Detective Tucker]: The information that I got was from Detective Bell. He
told me that an anonymous source had told him that Robert
Johnson and [J.T.] had been bragging about committing the
robbery.


 After his conviction, appellant moved for a new trial, claiming (1) he was
denied effective assistance of counsel because his counsel elicited inadmissible
hearsay testimony implicating appellant during cross-examination, and (2) he was
denied due process because the prosecutor withheld evidence that the informant could
no longer remember what appellant had said. 

 At the hearing on the motion for a new trial, district attorney Tuck McClain
testified that, during the trial, he had Detective Bell locate the anonymous informant
and bring her to McClain's office. According to McClain, the informant said she did
not remember exactly what appellant had said about the robbery, but she did not deny
that he had said something. The trial court denied the motion for a new trial, and
this appeal followed.

Analysis

1. Ineffective Assistance of Counsel

 In his first point of error, appellant asserts that his counsel was ineffective
because he elicited inadmissible hearsay testimony during cross-examination that
implicated appellant. We apply the usual standard of review requiring appellant to
show that his counsel's performance was both deficient and prejudicial. See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Whether the
standard for reasonably effective counsel has been met is to be judged by the totality
of the representation, rather than by isolated acts or omissions of trial counsel. Butler
v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986); Brown v. State, 866 S.W.2d 675,
677 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). There is a strong presumption
that the counsel's conduct was reasonable. See Strickland, 466 U.S. at 689, 104 S.
Ct. at 2064. A claim of ineffective assistance of counsel must be firmly found in the
record. See Thompson, 9 S.W.3d at 813. Upon appeal, there is a strong presumption
that counsel's actions fell within the range of effective assistance. See id. We do not
judge counsel's strategic decisions in hindsight, and we strongly presume that
counsel's actions were competent and motivated by sound trial strategy. See id.;
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 To show counsel was ineffective, appellant points to counsel eliciting hearsay
evidence that corroborated the accomplice's testimony during his cross-examination
of Detective Tucker. Appellant's counsel testified at the hearing on the motion for
a new trial that he did not have a trial strategy that caused him to allow in the
testimony that an anonymous source had told Detective Bell appellant had bragged
about the robbery. Rather, he was surprised by Detective Tucker's answer because
the prosecutor's report on the informant indicated that only J.T. had bragged about
the crime.

 On cross-examination by the State, counsel testified that his overall trial
strategy was to show the lack of corroboration for J.T.'s accomplice testimony. When
asked about the specific response of Detective Tucker, the following exchange
occurred:

 [State]: Now you weren't trying to elicit that specific comment; but
in the course of trying to exercise that trial strategy, that's
when this comment came out; isn't that right?


 [Counsel]: It came out in the overall trial, that's correct.

 Counsel is not necessarily ineffective every time a witness responds to
cross-examination in a way that bolsters the prosecution's case. See Valencia v. State,
891 S.W.2d 652, 662 (Tex. App.--Houston [1st Dist.] 1993), rev'd on other grounds,
946 S.W.2d 81 (Tex. Crim. App. 1997). Otherwise,"[t]his would place a heavy
burden on all attorneys to ask questions of adverse witnesses only if they are sure
how the witness will respond." Id. In the case before us, counsel was trying to
establish there was no indication that appellant had said anything about participating
in the robbery. Unfortunately for appellant, the witness stated that he was told
appellant had been bragging about committing the robbery. The trial court was
within its discretion in deciding that this conduct did not amount to ineffective
assistance of counsel. See id.

 We overrule appellant's first point of error.

2. Exculpatory Evidence

 In his second point of error, appellant asserts that he was denied due process
because the State withheld the fact that the informant could no longer remember
hearing appellant bragging about committing the robbery. Appellant maintains he
was harmed because he could not use the evidence to impeach the testimony of
Detective Tucker.

 Under Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963), it
is a violation of appellant's due process rights if the prosecution withholds material
evidence favorable to the defendant. See Wyatt v. State, 23 S.W.3d 18, 27 (Tex.
Crim. App. 2000). Evidence is material only if there is a reasonable probability that
the outcome of the proceeding would have been different had the evidence been
disclosed. See id. Both exculpatory evidence and impeachment evidence are
included within the scope of the Brady rule. See id. 

 Appellant argues that the information was material because Tucker's testimony
was the only real corroboration of the accomplice's testimony. A defendant cannot
be convicted on the testimony of an accomplice unless the testimony is corroborated
by other evidence tending to connect the defendant with the offense committed. See
Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979); Gosch v. State, 829 S.W.2d
775, 777 (Tex. Crim. App. 1991). 

 However, additional evidence tending to connect appellant to the robbery and
corroborate J.T.'s testimony was presented. Most prominent was appellant's own
written statement to the police. Appellant admitted telling J.T. that the store would
be easy to rob. Appellant admitted supplying J.T. with a gun and a tape recorder. 
Appellant admitted receiving some of the stolen money from J.T. Appellant admitted
covering up for J.T. after the robbery. The corroborative evidence does not need to
link the defendant directly to the offense or to be sufficient in itself to establish guilt.
See Gosch, 829 S.W.2d at 777. The corroborating evidence can be circumstantial or
direct. See id. Given this other corroborating evidence, we conclude that there is no
reasonable probability that disclosure of the evidence would have led to a different
result.

 We overrule appellant's second point of error. 

 We affirm the judgment of the trial court.




 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justices Schneider and Justices Jennings and Wilson. (1)

Do not publish. Tex. R. App. P. 47.
1. Justice Davie L. Wilson, who retired on March 31, 2002, continues to
sit by assignment for the disposition of this case, which was submitted
on September 7, 2001.