In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-092 CR


____________________



JAVIER BARRIOS GUERRA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 22,286






O P I N I O N


 Javier Barrios Guerra pleaded guilty without a plea bargain to first degree murder. 
The trial court found the offense was committed with a deadly weapon and sentenced
Guerra to confinement for life in the Texas Department of Criminal Justice, Institutional
Division. Guerra's sole issue on appeal is that his plea was involuntary due to ineffective
assistance of counsel.

 In his brief, Guerra charges that defense counsel's actions induced him to enter a
plea without recommendation. Specifically, he alleges defense counsel failed to diligently
investigate his defense of temporary insanity. Guerra's brief sets forth his testimony from
the hearing on his motion for new trial concerning the failure of defense counsel to discuss
temporary insanity with him but does not indicate where in the record we might find
evidence that such a defense was feasible. Defense counsel testified he spoke with
Guerra's family, and Deacon Trevino, whom Guerra met with before the incident
occurred. Counsel found "absolutely no history of mental illness" and no indication that
Guerra was "out of character" when he met with Trevino. When admonishing Guerra, the
trial court specifically questioned him about his state of mind at the time of the offense. 
Guerra said, "Yes" when asked if he was competent and of sound mind at the time of the
offense on May 19, 2001. Guerra testified at the hearing he never had any mental health
problems, his other criminal charges never involved sanity issues, and he never told his
attorney he needed a mental exam. Guerra also testified he had graduated from high
school and had successfully held a number of jobs including that of a machine operator and
running his own shop. The record before this court contains no evidence Guerra was
temporarily insane at the time of the murder. Thus there has been no showing the defense
of temporary insanity was viable.

 Guerra also argues that "Counsel's belief that a new Judge would be more lenient
than a jury" lead to his pleading guilty without a recommendation. Guerra testified that
when he pleaded guilty he expected to get thirty years. He said defense counsel told him
the judge was going to be lenient and he would probably get thirty years. Guerra testified
that counsel told him for this type of case, people get thirty or thirty-five years, that the
most he could get was thirty or thirty-five years, and that counsel never told him he would
get more than that. The record reflects the trial court fully admonished Guerra about the
range of punishment and Guerra indicated he understood. 

 Defense counsel testified that Guerra did not want to go before a jury and wanted
to take responsibility. According to defense counsel, he informed Guerra of all his options
but did not make a recommendation. Counsel testified he informed Guerra there were
some issues that could be raised in a jury trial that could mitigate punishment but Guerra
wanted to take responsibility. At that point, counsel felt they did not need to go to a jury.
Counsel testified he did not tell Guerra the judge would be lenient. Counsel did not recall
telling Guerra he would more than likely get thirty years. Counsel said he told Guerra that
under the circumstances, if they went to trial, the best they could do was thirty years.
Counsel testified he told Guerra what the full range of punishment was and may have told
him that sixty years is the equivalent of a life sentence. Counsel testified they discussed
the fact that Guerra would first be eligible for parole in thirty years whether he was
sentenced to life or sixty years. No plea bargain was ever offered. 

 The evidence regarding Guerra's understanding of the punishment range is
conflicted. The trial court resolved that conflict when it denied the motion for new trial
and we cannot say the trial court abused its discretion. See Waldie v. State, 923 S.W.2d
152, 155 (Tex. App.--Beaumont 1996, no pet.). Further, to establish ineffective
assistance, Guerra must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). Considering the nature of the murder and the
number of eyewitnesses, we are unable to say an open plea of guilty could not be
reasonable trial strategy. Id. 

 We apply a strong presumption that counsel's actions fell within the wide range of
reasonable professional assistance. See Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim.
App. 1997). Guerra has not met his burden to show that counsel's performance fell below
an objective standard of reasonableness under prevailing professional norms and there is
a reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different. Id. Issue one is overruled and the judgment of the
trial court is AFFIRMED.

 PER CURIAM

Submitted on November 6, 2002 

Opinion Delivered November 13, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.