**Evaristo VALENCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0049–95.**

Court of Criminal Appeals of Texas.

June 4, 1997.

Randy Schaffer, Houston, for appellant.

---

Carol M. Cameron, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MEYERS, Judge.

A jury convicted appellant in December 1990 of delivering more than 400 grams of cocaine and assessed his punishment at seventy-five years imprisonment and a fine of $250,000. This conviction was affirmed. *Valencia v. State*, 891 S.W.2d 652 (Tex.App.—Houston [1st Dist.] 1993).

Appellant's petition was granted to determine whether argument incorrectly advising the jury as to how the parole law affects parole eligibility can be cured by an instruction to disregard and whether appellant's trial counsel was ineffective. We originally affirmed the judgment of the Court of Appeals, but granted appellant's motion for rehearing and now withdraw our opinion on original submission.

### I. *Parole Law Argument*

■ At punishment the prosecutor argued,[1] without objection, that under the charge given someone with a forty year sentence could be released on parole in two years, although he had first cautioned the jury that they could not "guess or estimate anything about good conduct time or parole to this guy." The Court of Appeals held that although the State's argument contained an incorrect mathematical calculation, it was not so prejudicial that it could not have been cured by an instruction to disregard. *Id.* at 657. Because appellant failed to object to the argument and request an instruction to disregard, error was waived. *Id.*

The Court of Appeals' holding turns upon a long line of cases which hold that a defendant can raise improper jury argument for the first time on appeal if the argument is so prejudicial that an instruction to disregard could not have cured the harm. This exception to the contemporaneous objection rule has been stated as follows:

> The general rule is that any impropriety in the prosecutorial argument is waived by a defendant's failure to make a proper and timely objection [citation omitted] *An exception exists where the prosecutor's argument is so prejudicial that an instruction to disregard will not cure the harm.*

*Briddle v. State*, 742 S.W.2d 379, 389 (Tex. Crim.App.1987), *cert. denied* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988)(emphasis added).

In *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996), decided this term, we held such exception could no longer be sustained in view of Rule of Appellate Procedure 52(a) and our decision in *Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App.1993). We held that the only pertinent question was whether or not the defendant objected and pursued the objection to an adverse ruling:

> [W]e hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal. Any prior cases to the contrary such as *Montoya [v. State*, 744 S.W.2d 15 (Tex. Crim.App.1987)]* and *Romo [v. State*, 631 S.W.2d 504 (Tex.Crim.App.1982)]* are expressly overruled. Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will

---

1. The argument was:

    The charge talks about the award of good conduct time to a prisoner who exhibits good behavior and parole. To caution you right now, first off, you can't guess or estimate anything about good conduct time or parole to this guy. This is for your information, for you to know *that whatever the term of years in a case* that a defendant gets sentenced to, his time in the penitentiary can be reduced by the award of good time and by parole. They say the

    formula here as to when he becomes eligible for parole would be when a defendant has his actual time plus his good conduct time added together and they equal one fourth of the sentence. That means if there is a forty-year sentence, one fourth of that is ten years, and let's say you get three days credit for every one you serve. That's the good conduct time. That means you can effectively become eligible for parole on a forty-year sentence in about two years. That's the way this reads.

have to show he objected and pursued his objection to an adverse ruling.

*Id.*

In the instant case, appellant made no objection to the State's improper jury argument. The Court of Appeals did not err in holding that appellant waived error. *Cockrell,* supra.

## II. *Ineffective Assistance of Counsel*

Appellant also complains the Court of Appeals applied the wrong standard in addressing his ineffective assistance of counsel claims as they pertained to punishment and also that the Court of Appeals erred in its conclusions that counsel's performance was not deficient.

■■■ *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets forth the proper standard for review of effectiveness of counsel at guilt/innocence in both capital and noncapital cases and at punishment in capital cases. *See Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986) (adopting *Strickland* as standard under Texas Constitution); *see also Ex parte Walker,* 777 S.W.2d 427, 430 (Tex.Crim.App.1989). The inquiry under *Strickland* is two-part: (1) whether counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) whether there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *E.g., Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Craig v. State,* 825 S.W.2d 128, 129 (Tex.Crim.App.1992); *Walker,* 777 S.W.2d at 430. The defendant bears the burden and the reviewing court applies a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. *Jackson,* supra.

*Ex parte Duffy,* 607 S.W.2d 507 (1980), sets forth the standard for assessing claims of ineffective assistance of counsel during the punishment phase of noncapital offenses:

> The standard [under *Duffy* ] is whether [the defendant] received reasonably effective assistance of counsel. *Duffy,* 607 S.W.2d at 516. In reviewing an attorney's assistance, a court must examine the totality of the representation. *Walker,* 777 S.W.2d 427, 431 (Tex.Cr.App.1989); *Cruz,* 739 S.W.2d at 58. Fully stated, the test is "counsel reasonably likely to render and rendering effective assistance of counsel." *Duffy,* at 514 n. 4.

*Ex parte Walker,* 794 S.W.2d 36, 37 (1990).

Citing *Strickland,* the Court of Appeals stated that in order to prevail on his ineffective assistance claims, appellant must show that counsel's performance was deficient and that "there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different." *Valencia,* 891 S.W.2d at 659. The Court of Appeals then separately discussed each of appellant's nine allegations of ineffective assistance, resolving in each case that appellant had not shown counsel to be ineffective. Finally, pointing out that evidence presented by the State in support of appellant's guilt was "damning," the Court of Appeals held that appellant "failed to show that there is a reasonable probability that the outcome of the case would be different." *Id.* at 664.

■■■ Appellant does not contest the Court of Appeals' holding as it pertained to ineffective assistance at the guilt/innocence phase, but argues the Court of Appeals erred in failing to apply *Duffy* to his claims of ineffective assistance impacting punishment. The Court of Appeals applied *Strickland* to all of appellant's claims of ineffectiveness, without regard to whether they involved alleged error at guilt/innocence or punishment.[2] Clearly some of appellant's claims pertained

2. In one instance, the Court of Appeals indicated application of *Duffy.* In addressing appellant's contention that defense counsel's summation at punishment was inadequate, the Court of Appeals stated, "[w]hen a claim is made of ineffective assistance of counsel at the punishment phase of a non-capital offense trial, this Court is to judge the effectiveness of counsel by a single standard of reasonably effective assistance of counsel." *Valencia,* 891 S.W.2d at 663 (citing *Ex parte Cruz,* 739 S.W.2d 53, 57–58 (Tex.Crim. App.1987), which held *Duffy* applicable standard to ineffective assistance claims pertaining to punishment in noncapital offenses). However, the Court of Appeals did not mention this standard in addressing any other of appellant's claims of ineffective assistance pertaining to punishment.

to counsel's performance during or impacting punishment.[3] The Court of Appeals erred in applying *Strickland* rather than *Duffy* when assessing appellant's punishment claims.[4]

The judgment of the Court of Appeals is vacated and this cause is remanded for reconsideration consistent with this opinion.

McCORMICK, P.J., concurs.

BAIRD, J., concurring and dissenting with note. I dissent to Part I believing it is advisory because of the ultimate decision to remand to the Court of Appeals. As to Part II, I join that portion of the opinion.

---

**3.** Appellant's argument assumes that *Duffy* should apply to ineffective assistance that impacts the punishment assessed, not just to ineffective assistance that occurs during the punishment phase or pertains directly to punishment issues. It is clear that error occurring at or during punishment or pertaining directly to a punishment issue implicates *Duffy*. *See Craig v. State,* 825 S.W.2d 128 (Tex.Crim.App.1992)(*Duffy* applies to claims of ineffective assistance "during the punishment phase"); *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex.Crim.App.1991)(*Duffy* applicable to claim of ineffective assistance occurring "during the punishment phase"); *Ex parte Walker,* 794 S.W.2d 36, 36 (Tex.Crim.App.1990)(*Duffy* applicable to counsel's failure to motion for jury assessment of punishment; alleged error "occurred during jury voir dire but dealt solely with the penalty phase"). It is less clear whether error occurring at guilt but potentially affecting the jury's verdict at punishment implicates *Duffy.* One opinion indicates that *Duffy* applies in this manner. *See Ex parte Walker,* 777 S.W.2d 427, 430–32 (Tex.Crim.App.1989) (evaluating counsel's performance "as it impacted on the punishment stage";

applying *Duffy,* considered counsel's deficient performance throughout trial, including admission of prior convictions at guilt). We decline to decide this issue today.

**4.** Appellant also complains of the Court of Appeals' conclusions that counsel was not deficient as to six separate allegations of ineffective assistance. We decline to review the Court of Appeals' conclusions at this juncture, given its failure to apply the correct law to some of the allegations. We further note that when the Court of Appeals reviews each allegation, applies the appropriate legal analysis, and discusses applicable caselaw, we generally refrain from reviewing its conclusions. *See Arcila v. State,* 834 S.W.2d 357, 361 (Tex.Crim.App.1992) (we should reserve discretionary review prerogative to dispel confusion generated by past case law, reconcile differences between courts of appeals, and promote fair administration of justice); *see also Cofield v. State,* 891 S.W.2d 952, 957 (Tex.Crim. App.1994) (declining to substitute our judgment for court of appeals where court of appeals' analysis of facts and law adequate).