Affirmed and Opinion filed May 23, 2002









Affirmed and Opinion filed May 23, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00559-CR

____________

 

JAMES ROBERT KENNEDY,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 344th District Court

Chambers County, Texas

Trial
Court Cause No. 9551

 



 

O
P I N I O N

Appellant,
James Robert Kennedy, was charged with unauthorized use of a motor
vehicle.  He pleaded guilty without a
recommendation, and punishment was assessed at two years=
imprisonment and a $500 fine.  Imposition
of sentence was suspended and appellant was placed on community supervision for
five years.  The State filed a motion to
revoke probation.  The trial court granted
the motion and sentenced appellant to two years= confinement in State jail, and gave him credit for 510 days
already served.








ISSUES
ON APPEAL

Appellant
asserts that he was denied (1) assistance of counsel, and (2) effective
assistance of counsel at the punishment hearing in violation of the United
States Constitution.  Facts will be
recited herein as necessary for resolution of these points of error.

STANDARD
OF REVIEW

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States
Supreme Court has established a two-prong test to determine whether counsel is
ineffective.  Id.  First, appellant must demonstrate counsel=s performance was deficient and not
reasonably effective.  Id. at 688B92. 
Second, appellant must demonstrate the deficient performance prejudiced
the defense.  Id. at 693.  Essentially, appellant must show that his
counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different.  Id.; Valencia v. State, 946 S.W.2d
81, 83 (Tex. Crim. App. 1997).

If appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he still must affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
that counsel=s errors, judged by the totality of
the representation, denied him a fair trial. McFarland, 928 S.W.2d at
500.  If appellant fails to make the
required showing of either deficient performance or prejudice, his claim fails.
 Id. 








Appellant was charged with unauthorized use of a motor
vehicle.  He pleaded guilty and was
sentenced to two years= confinement on February 5, 1997.  On August 11, 1999, the State filed a motion
to revoke his probation.  At that time,
the trial court amended the conditions of appellant=s probation and ordered him to serve
six months in the Intermediate Sanctions Facility.  On July 12, 2000, the trial court determined
that appellant violated the conditions of his probation and again ordered that
he serve six months in the Intermediate Sanctions Facility.  On August 4, 2000, the State filed another
motion to revoke probation, alleging appellant was guilty of possession of an
alcoholic beverage by a minor, evading arrest in July 1999 and June 2000, and
driving while intoxicated.  This time,
the trial court granted the motion, finding the allegations to be true, and
held a punishment hearing.  No witnesses
were presented by either the State or appellant.  Appellant argues that his counsel was
ineffective because he did not argue anything favorable to him, and instead
emphasized all of appellant=s bad conduct.

NO ASSISTANCE 

Appellant contends he is not required to demonstrate harm
because he received no meaningful assistance from his attorney.  In support of his contention, appellant cites
United States v. Cronic, 466 U.S. 648, 659 n.25 (1984).  Cronic holds that when there is a
complete denial of counsel at a critical stage in a criminal proceeding, there
has been a denial of Sixth Amendment rights and the defendant is not required
to show prejudice.  466 U.S. at 659.  A complete denial, for example, occurs when a
trial court denies a defendant the right to effectively cross-examine a
witness, or in other circumstances when even a fully competent lawyer could not
provide effective assistance of counsel. 
Id. at 659B60 (citations omitted).  
The circumstances which rise to the magnitude contemplated by Cronic
are not present here.  Appellant=s attorney was present at all
relevant times, and appellant does not argue that under the circumstances it
was unlikely that even a fully competent lawyer could have rendered effective
assistance.  Therefore, we overrule
appellant=s first point of error.  

 








INEFFECTIVE ASSISTANCE

In
the alternative, appellant asserts he did not receive effective assistance of
counsel.  Specifically, appellant claims
that his attorney=s performance was deficient, and if his attorney had acted in
an effective manner, there is a reasonable probability the trial court would
have assessed punishment at less than two years= confinement.

In
support of his assertion that he was prejudiced, appellant states that the
trial court Arepeatedly tried to help him, and might have been inclined to
help him again.@  Appellant, however, fails
to proffer any reasons why the trial court Amight have been inclined to help him again@
when appellant had already demonstrated that he could not abide by the
conditions of his probation, or the laws of the State of Texas.  In reviewing an ineffective assistance of
counsel claim, a court need not determine whether counsel=s
performance was deficient if it is easier to dispose of the challenge based on
lack of prejudice.  Strickland,
466 U.S. at 697.  Appellant has not
satisfied his burden of proving that his trial counsel=s
performance was prejudiced his defense. 
Accordingly, we dispose of appellant=s claim based on the second prong of Strickland,
prejudice.  See id.  

CONCLUSION

We
overrule both of appellant=s points of error, and affirm the judgment of the trial court.

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered and Opinion filed May
23, 2002.

Panel consists of Chief Justice Brister
and Justices Anderson and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).