Affirmed and Opinion filed May 30, 2002









Affirmed
and Opinion filed May 30, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00964-CR

____________

 

JAMES NOAH APPLON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 232nd District Court

Harris County, Texas

Trial
Court Cause No. 867,011

 



 

O
P I N I O N

Appellant,
James Noah Applon, was convicted by a jury of the offense of possession of
cocaine weighing more than four grams but less than two hundred grams, and
sentenced to a term of ten years= imprisonment.  In a single
point of error, appellant complains he was denied effective assistance of
counsel.  We affirm.








Appellant
was arrested on January 24, 2001, in the parking lot of a convenience store
after Derek Fuller, an officer of the Houston Police Department, observed him
collect a small plastic bag from inside an automobile, place that plastic bag
inside a paper bag, and surreptitiously drop the bag by a fence.  When later opened by Officer Fuller, the
plastic bag was found to contain 12.6 grams of crack cocaine.  Thereafter, at trial, Officer Fuller
testified as to the weight of cocaine found, its street value of $1,260, that
it would not be for someone=s personal use, and that a person would be able to Aget
high from the crack@ 126 times, if he or she used 1/10th of a gram each time.

On
appeal, appellant complains his trial counsel was ineffective for failing to:
(1) object to Officer Fuller=s testimony; and (2) object to the prosecutor=s
statement during closing argument that Asomeone with 1300 dollars of crack cocaine . . . might have a
weapon.@

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend.
VI; Tex. Const. art. I, ' 10; Tex. Code Crim.
Proc. Ann. art. 1.05 (Vernon 1977). 
The right to counsel necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The United States Supreme Court has
established a two-prong test to determine whether counsel is ineffective.  Id. 
First, appellant must demonstrate counsel=s performance was deficient and not
reasonably effective.  Id.
at 688B92.  Second, appellant must demonstrate the
deficient performance prejudiced the defense. 
Id. at 693.  Essentially, appellant must show that his
counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different.  Id.; Valencia v. State, 946 S.W.2d
81, 83 (Tex. Crim. App. 1997).








Judicial scrutiny of counsel=s performance must be highly
deferential and we are to indulge the strong presumption that counsel was
effective.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  We assume counsel=s actions and decisions were
reasonably professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is the appellant=s burden to rebut this presumption,
by a preponderance of the evidence, through evidence illustrating why trial
counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996), overruled on other grounds by, Mosley v. State, 983 S.W.2d 249,
263 (Tex. Crim. App. 1998).  Where the record contains no evidence of the
reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient.  Jackson, 877 S.W.2d at 771; Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999) (holding that when the record provides no explanation as to the
motivation behind trial counsel=s actions, an appellate court should be hesitant to declare
ineffective assistance of counsel).  An
appellate court is not required to speculate on the reasons behind trial
counsel=s actions when confronted with a
silent record.  Jackson, 877 S.W.2d  at 771.  

If appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500. 
Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
that counsel=s errors, judged by the totality of
the representation, denied him a fair trial. McFarland, 928 S.W.2d at 500.  If
appellant fails to make the required showing of either
deficient performance or prejudice, his claim fails.  Id. 








Appellant
did not file a motion for new trial and the record contains no evidence of the
reasoning behind his trial counsel=s actions in failing to object to both Officer Fuller=s
testimony and the State=s closing argument.  An
appellate court is not required to speculate on the reasons behind trial
counsel=s
actions when confronted with a silent record. 
Jackson, 877 S.W.2d at 771; see also Thompson, 9
S.W.3d at 814 (holding that when the record provides no explanation as to the
motivation behind trial counsel=s actions, an appellate court should be hesitant to declare
ineffective assistance of counsel). 
Appellant fails to provide this Court with any evidence to affirmatively
demonstrate the ineffectiveness of his trial counsel.  Thus, appellant has not satisfied his burden
on appeal to rebut the presumption that counsel=s actions were reasonably professional and motivated by sound
trial strategy.

Moreover,
even if the record rebutted the presumption of sound trial strategy, appellant
has not demonstrated that trial counsel=s performance prejudiced his defense.  He has not, therefore, met the second prong
of the test.  Because appellant produced
no evidence concerning trial counsel=s reasons for choosing the course he did, nor did appellant
demonstrate prejudice to his defense, his sole point of error is
overruled.  McFarland, 928 S.W.2d at 500.

The
judgment of the trial court is affirmed.

 

                                                         /s/        J. Harvey Hudson

                                                                     Justice

 

 

Judgment rendered and Opinion filed May
30, 2002.

Panel consists of Justices Hudson, Fowler,
and Edelman.

Do Not Publish C
Tex. R. App. P. 47.3(b).