Affirmed and Opinion filed September 26, 2002









Affirmed
and Opinion filed September 26, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01267-CR

____________

 

LEON EUGENE BOOKMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 01CR0334

 



 

O P I N I O N

Appellant, Leon Eugene Bookman, was convicted by a jury of
the offense of possession of cocaine weighing more than four grams and less
than two hundred grams and sentenced to a term of fifty years’
imprisonment.  In a single point of
error, appellant complains he was denied effective assistance of counsel.  We affirm.








On the night of January 11, 2001, pursuant to a search
warrant, members of the Special Crimes Unit of the Texas City Police Department
entered a residence shared by appellant. 
Appellant, seated with Josh Stubblefield near a substantial quantity of
crack cocaine, sprang up and raced from the residence.  Before being apprehended, appellant discarded
a pager, seventy-eight dollars, and two small bags containing crack cocaine
residue. 

At trial, the State called another resident of the house,
Costanza Crisp, to testify.  Ms. Crisp,
who testified earlier at Mr. Stubblefield’s trial for possession of cocaine,
invoked her right against self-incrimination. 
However, she acknowledged her earlier testimony, whereupon the State proceeded,
without objection, to read that testimony into the record.  Ms. Crisp’s prior testimony unequivocally and
affirmatively linked appellant to the recovered narcotics, and he now complains
on appeal his counsel was ineffective for failing to object  to its admission.

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States
Supreme Court has established a two-prong test to determine whether counsel was
ineffective.  Id.  First, appellant must demonstrate counsel’s
performance was deficient and not reasonably effective.  Id. at 688B92. 
Second, appellant must demonstrate the deficient performance prejudiced
the defense.  Id. at 693.  Essentially, appellant must show that his
counsel’s representation fell below an objective standard of reasonableness,
based on prevailing professional norms, and a reasonable probability exists
that, but for his counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id.; Valencia
v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).








Judicial scrutiny of counsel’s performance must be highly
deferential and we are to indulge the strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel’s actions and decisions were reasonably professional
and that they were motivated by sound trial strategy.  Id. 
Moreover, it is the appellant’s burden to rebut this presumption, by a
preponderance of the evidence, through evidence illustrating why trial counsel
did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  Where the record contains no
evidence of the reasoning behind trial counsel’s actions, we cannot conclude
counsel’s performance was deficient.  Jackson,
877 S.W.2d at 771; see also Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999) (holding that when the record provides no explanation as to
the motivation behind trial counsel’s actions, an appellate court should be
hesitant to declare ineffective assistance of counsel).  An appellate court is not required to
speculate on the reasons behind trial counsel’s actions when confronted with a
silent record.  Jackson, 877
S.W.2d  at 771.  

If appellant proves his counsel’s representation fell below
an objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693;
McFarland, 928 S.W.2d at 500. 
Counsel’s errors, even if professionally unreasonable, do not warrant
setting the conviction aside if the errors had no effect on the judgment.  Strickland, 466 U.S. at 691.  Appellant must prove that counsel’s errors,
judged by the totality of the representation, denied him a fair trial. McFarland,
928 S.W.2d at 500.  If appellant fails to
make the required showing of either deficient performance or prejudice, his
claim fails.  Id. 

Appellant did not file a motion for new trial and the record
contains no evidence of  the reasoning
behind his trial counsel’s actions in failing to object to the admission of Ms.
Crisp’s prior testimony.  Appellant fails
to provide this Court with any evidence to affirmatively demonstrate the
ineffectiveness of his trial counsel. 
Thus, appellant has not satisfied his burden on appeal to rebut the
presumption that counsel’s actions were reasonably professional and motivated
by sound trial strategy.








Moreover, even if the record rebutted the presumption of
sound trial strategy, appellant has not demonstrated that trial counsel’s
performance prejudiced the defense. 
Appellant’s defensive theory was that he was only a buyer, not a
distributor, of crack cocaine. Evidence from sources other than Ms. Crisp
tended to refute that theory.  Police
found photographs of appellant in the house. 
Moreover, he was standing near a sizeable quantity of cocaine when
police entered the house.  He fled
immediately upon seeing the officers, and  he was found in possession of a pager,
seventy-eight dollars in cash, and two small bags containing crack cocaine
residue.  In addition to the crack
cocaine, police also found a scale, razor blade, a Pyrex cup, several baggies
of marijuana, and a loaded shotgun in the house.  Taken together, this evidence suggests, even
without the testimony of Ms. Crisp, that appellant was trafficking in
narcotics.  He has not, therefore, met
the second prong of the test.  Because appellant
produced no evidence concerning trial counsel’s reasons for choosing the course
he did, nor did he demonstrate prejudice to his defense, his sole point of
error is overruled.  McFarland,
928 S.W.2d at 500.

The judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed September 26, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).