Opinion issued October 16, 2003
















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00552-CR
____________

LAWRENCE BLUE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 28,714-272


 

MEMORANDUM OPINION

          A jury convicted appellant, Lawrence Blue, of unlawful possession of a firearm
by a felon and assessed punishment at 13 years’ confinement. In three points of error,
appellant argues that (1) the evidence was legally insufficient to sustain a conviction
for the offense of unlawful possession of a firearm by a felon; (2) the evidence was
factually insufficient to sustain a conviction for the offense of unlawful possession
of a firearm by a felon; and (3) fundamental error occurred in the State’s closing
argument to the jury during the guilt-innocence phase of the trial. We affirm.
FACTS
          In the early morning hours of April 13, 2001, Bryan Police Officer Alan
Melnyk was operating a stationary radar, watching for traffic violations. At
approximately 1:00 a.m., he spotted a car traveling at 108 miles per hour. Officer
Melnyk stopped the car, which was driven by appellant, the sole occupant. After
smelling a strong odor of alcohol and conducting field sobriety tests on appellant,
Officer Melnyk arrested him for driving while intoxicated. 
          Officer Melnyk then conducted a search of appellant’s car and found a loaded
Target Bulldog .44 caliber handgun in a pouch attached to the front of the driver’s
seat. No fingerprints were recovered from the gun.
          Jerry Fling, the manager of JP Auto Sales, testified that he sold the vehicle in
question to appellant and George Coker on April 3, 2001, 10 days before the arrest. 
State’s exhibit 1, the contract for sale signed by appellant, with buyers listed as
“Lawrence Blue” and “George Coker,” was admitted into evidence. 
          Appellant stipulated that he had been convicted of the predicate felony of
aggravated assault and that his period of incarceration and parole expired within five
years of April 13, 2001.
          As the sole witness for the defense, Lloyd Franklin testified that, on April 12,
2001, he had borrowed appellant’s car to drive to the VA hospital in Temple for a
medical appointment and had left the gun in appellant’s car by accident. He testified
that he had owned the gun for two to two-and-a-half years, after finding it while
mowing the yard. 
          Gil Schultz, an investigator with the Brazos County District Attorney’s office,
testified that he contacted Franklin on January 9, 2002, to determine if Franklin could
identify the handgun that he claimed belonged to him, not appellant. Schultz showed
Franklin three handguns, one of which was the handgun retrieved from appellant’s
car the night of his arrest. Schultz testified that he let Franklin handle all three
weapons, and that Franklin told him neither of the handguns was the one he left in
appellant’s car.
LEGAL SUFFICIENCY
          In his first point of error, appellant contends the evidence was legally
insufficient to sustain a conviction for unlawful possession of a firearm. Specifically,
appellant argues that the State failed to “affirmatively link” him to the firearm
recovered from the pouch in his car.
          When reviewing the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
          To prove unlawful possession of a firearm, the State must prove that the
accused knowingly possessed the contraband in question; that is, the State must prove
that the accused knew of the weapon’s existence and that he exercised care, custody,
control, or management over it. See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995). The State can accomplish this task with “affirmative links” that
demonstrate that the accused was conscious of his connection with the contraband
and knew what it was. Id.
          In Gilbert v. State, this Court considered some of the factors that may establish
sufficient affirmative links. 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d). We noted, in pertinent part, that these factors may include whether
(1) the contraband was in plain view; (2) the contraband was conveniently accessible
to the accused; (3) the accused was the owner of the place where the contraband was
found; (4) the accused was the driver of the car in which the contraband was found;
(5) the contraband was found on the same side of the car seat as the accused was
sitting; (6) the place where the contraband was found was enclosed; (7) the conduct
of the accused indicated a consciousness of guilt; (8) the accused has a special
connection to the contraband; (9) occupants of the car gave conflicting statements
about relevant matters; and (10) affirmative statements connect the accused to the
contraband. Id. The number of factors present is not as important as the logical force
the factors have in establishing the elements of the offense. Id. (citing Whitworth v.
State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref’d)).
          We find several of these factors present in this case. The firearm was located
within easy reach in a pouch on the front of the driver’s seat, conveniently accessible
to appellant, the driver. Appellant was the owner of the vehicle, having recently
purchased it from Jerry Fling. Appellant was the driver and sole occupant of the car
at the time the firearm was found, and the firearm was found in a pouch on the
driver’s side of the vehicle. Viewing this evidence in the light most favorable to the
verdict, we conclude that a rational trier of fact could have found beyond a reasonable
doubt that appellant knowingly possessed the handgun.
          Accordingly, we overrule appellant’s first point of error.
FACTUAL SUFFICIENCY
          In his second point of error, appellant contends that the evidence was factually
insufficient to sustain his conviction. In conducting a factual sufficiency review, we
must decide “whether a neutral review of all evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.” King, 29 S.W.3d at 563. We
will reverse only if a manifest injustice has occurred. Id. 
          Evidence before the jury demonstrated that appellant was the owner of the
vehicle in which the handgun was found. Furthermore, appellant was the driver and
sole occupant of the vehicle at the time the handgun was found, and the gun was
found in a pouch to which appellant had convenient access. Although Lloyd Franklin
testified that the gun was his and that he had left it in the car without appellant’s
knowledge, the jury was free to disbelieve his testimony, especially in light of the fact
that Franklin could not identify the gun. 
          Therefore, after reviewing all of the evidence, both for and against appellant,
we cannot say that proof of guilt is so obviously weak as to undermine confidence in
the jury’s determination. Neither can we say that the proof of guilt is greatly
outweighed by contrary proof. The jury, as the trier of fact, is free to believe some
testimony and disbelieve other testimony. Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000). 
          Accordingly, we overrule appellant’s second point of error.
IMPROPER JURY ARGUMENT
          In his third point of error, appellant contends that, during closing argument at
the guilt-innocence phase of the trial, the State improperly commented on his Fifth
Amendment right not to testify.
          During closing argument, the prosecutor commented:
Mr. Jones [trial counsel for appellant] will argue that there’s no
evidence from the State that his client was aware the gun was
there. Well, there is, because you are allowed to make a
reasonable deduction from the evidence. It’s his car; he’s driving
it. It’s there, it’s not concealed. It’s not anywhere concealed in
anything in the glove box. And that’s the purpose that the pouch
serves. You put stuff in there so you can get it out. Okay? It
wasn’t hidden under the back seat; or the officer thought there
must be something there. It’s just right out there available where
somebody can get at it pretty quickly. There was no evidence that
he was unaware it was there. Okay? There is no evidence of that.

Appellant argues that the statement, “There was no evidence that he was unaware it
was there. Okay? There is no evidence of that,” was an improper comment on his
Fifth Amendment right not to testify. 
          However, appellant did not object to the State’s argument. Generally, as a
prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion. 
See Tex. R. App. P. 33.1. Nevertheless, appellant argues that this comment
constitutes fundamental error under Rule 103(d) of the Texas Rules of Evidence, and,
thus, no objection is needed to preserve the issue for appeal. See Tex. R. Evid.
103(d).
          Appellant does not direct us to any case law holding that such improper jury
argument constitutes fundamental error under Rule 103(d) of the Texas Rules of
Evidence. To the contrary, the Texas Court of Criminal Appeals has held that a
defendant’s failure to object to a jury argument or a defendant’s failure to pursue to
an adverse ruling his objection to a jury argument forfeits his right to complain about
the argument on appeal. Valencia v. State, 946 S.W.2d 81, 82-83 (Tex. Crim. App.
1997) (quoting Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). By
failing to object, appellant has failed to preserve this complaint for appeal. 
          Accordingly, we overrule appellant’s third point of error.
CONCLUSION
          We affirm the trial court’s judgment. 
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).