Affirmed and Opinion filed October 19, 2004









Affirmed and Opinion filed October 19, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00896-CR

____________

 

FERNANDO JOSE CANO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 41,290

 



 

O P I N I O N

A jury convicted appellant, Fernando Jose
Cano, of murder and sentenced him to 99 years= incarceration in
the Texas Department of Criminal Justice, Institutional Division.  In his sole issue on appeal, appellant
contends his trial counsel=s performance was
ineffective for failing to (1) object to the prosecutor=s comment
regarding his post-arrest silence; (2) file pretrial motions; (3) object to
allegedly inadmissible character evidence; (4) object to allegedly inadmissible
extraneous offenses; (5) object to the admission of scientific evidence
allegedly without proper predicate; and (6) introduce evidence that allegedly
would have impeached the State=s witnesses.  








Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel.  See U.S. Const. amend. VI; Tex.
Const. art. I, ' 10; Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right necessarily includes the right to
reasonably effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 686 (1984).  The United States Supreme Court has
established a two‑prong test to determine whether counsel is
ineffective.  Id.  Appellant must first demonstrate his counsel=s performance was
deficient and not reasonably effective.  Id.
at 688B92.  Thereafter, appellant must demonstrate the
deficient performance prejudiced his defense. 
Id. at 693.  Essentially,
appellant must show that his counsel=s representation
fell below an objective standard of reasonableness, based on prevailing professional
norms, and there is a reasonable probability that, but for his counsel=s unprofessional
errors, the result of the proceeding would have been different.  Id.; Valencia v. State, 946
S.W.2d 81, 83 (Tex. Crim. App. 1997).

Judicial scrutiny of counsel=s performance must
be highly deferential and we are to indulge the strong presumption that counsel
was effective.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel=s actions and decisions were reasonably
professional and that they were motivated by sound trial strategy.  Id. 
Moreover, it is appellant=s burden to rebut
this presumption, by a preponderance of the evidence, via evidence illustrating
why trial counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  When the record contains no evidence of the
reasoning behind trial counsel=s actions, we
cannot conclude counsel=s performance was deficient.  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999); Jackson, 877 S.W.2d at 771.








If appellant proves his counsel=s representation
fell below an objective standard of reasonableness, he must still affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove
that counsel=s errors, judged by the totality of the
representation, denied him a fair trial. 
See McFarland, 928 S.W.2d at 500. 
If appellant fails to make the required showing of either deficient
performance or prejudice, his claim fails. 
See id.  

Here, appellant did not file a motion for
new trial and the record contains no evidence of the reasoning behind his
counsel=s actions (or lack
thereof).  An appellate court is not
required to speculate on the reasons behind trial counsel=s actions when
confronted with a silent record.  Jackson,
877 S.W.2d at 771; see also Thomspon, 9 S.W.3d at 814 (holding that when
the record provides no explanation as to the motivation behind trial counsel=s actions, an
appellate court should be hesitant to declare ineffective assistance of
counsel).  Appellant fails to provide
this court with any evidence to affirmatively demonstrate the ineffectiveness
of his trial counsel.  Thus, appellant
has not satisfied his burden on appeal to rebut the presumption that counsel=s actions were
reasonably professional and motivated by sound trial strategy.

Moreover, even if the record rebutted the
presumption of sound trial strategy, appellant has not demonstrated that trial
counsel=s performance
prejudiced his defense.  He has not,
therefore, met the second prong of the test. 
Because appellant produced no evidence concerning trial counsel=s reasons for
choosing the course he did, nor did he demonstrate prejudice to his defense,
his sole issue on appeal is overruled.  See
McFarland, 928 S.W.2d at 500.  

Accordingly, the judgment of the trial court
is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

Judgment
rendered and Opinion filed October 19, 2004.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).