# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00102-CR

**Jackie Powell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 3041717, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jackie Powell guilty of aggravated robbery and assessed punishment at twenty-five years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). In two points of error, appellant contends that a portion of the statutory parole instruction violates the separation of powers and that comments by the prosecutor regarding parole violated his due process right. We overrule these contentions and affirm the conviction.

The trial court's punishment charge included the instruction on good conduct time and parole mandated by the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.07. § 4(a) (West Supp. 2005). Appellant did not object to the instruction, and he concedes that the

instruction is constitutional insofar as it explains the *existence* of the parole law. He argues, however, that the instruction violates the separation of powers insofar as it explains the *application* of the parole law. Specifically, appellant challenges that portion of the instruction that states:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn.

*Id*.

The Texas Constitution authorizes the legislature to "require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense." Tex. Const. art. IV, § 11(a). The November 1989 constitutional amendment adopting this language "cured the 'separation of powers' taint" that doomed an earlier attempt by the legislature to mandate parole instructions substantially similar to those in article 37.07, section 4. *Oakley v. State*, 830 S.W.2d 107, 110 (Tex. Crim. App. 1992); *see Rose v. State*, 752 S.W.2d 529, 552 (Tex. Crim. App. 1988) (op. on reh'g) (holding that predecessor statute violated separation of powers and due course of law). The constitutional amendment was also deemed to have cured the due course of law problems identified in *Rose*. *Oakley*, 830 S.W.2d at 111.

Except for changes made to reflect an increase in the time required for parole eligibility, the instruction given in this cause is identical to the instruction upheld in *Oakley*. There is nothing in the *Oakley* opinion to suggest that the court of criminal appeals' endorsement of the statutory instruction did not apply to that portion of the instruction appellant challenges

2

here. We are not persuaded by appellant's argument that jurors may be told that parole and good time exist, but may not be told how parole and good time are applied. To the contrary, we hold that the constitutional authority to inform jurors "about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration" includes the authority to inform jurors that a defendant convicted of aggravated robbery must serve one-half of his sentence or thirty years, whichever is less, before becoming eligible for parole. Finding no error in the charge, we overrule point of error one.

In his second point of error, appellant contends that two comments by the prosecutor during the course of the trial denied him due process. The first comment was made during jury selection, in response to a venire member's question. The prosecutor was discussing the range of punishment when the panelist asked, "What is life these days?" The prosecutor replied, "For this type of offense, it is one-half the period that they serve [sic] or 30 years, I believe whichever is less, but you can't consider how that is going to be applied to this particular defendant in this case because you don't know how the parole law is going to apply." The second comment was made during the prosecutor's closing argument at the punishment stage. After reminding the jurors that "you can't say how this law is going to be applied to this defendant," the prosecutor stated, "But under what the charge tells you, a 10-year sentence, you serve five before eligibility; 20-year sentence, 10 before eligibility."

Appellant did not object to either of the challenged statements. By failing to object, appellant forfeited his right to complain about the statements on appeal. *Johnson v. State*, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002); *Valencia v. State*, 946 S.W.2d 81, 82-83 (Tex. Crim.

App. 1997); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error two is overruled.

The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: August 4, 2006

Do Not Publish