TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00102-CR




Jackie Powell, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 3041717, HONORABLE BOB PERKINS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Jackie Powell guilty of aggravated robbery and assessed
punishment at twenty-five years’ imprisonment. See Tex. Pen. Code Ann. § 29.03 (West 2003). 
In two points of error, appellant contends that a portion of the statutory parole instruction violates
the separation of powers and that comments by the prosecutor regarding parole violated his due
process right. We overrule these contentions and affirm the conviction.
The trial court’s punishment charge included the instruction on good conduct time 
and parole mandated by the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.07. 
§ 4(a) (West Supp. 2005). Appellant did not object to the instruction, and he concedes that the
instruction is constitutional insofar as it explains the existence of the parole law. He argues,
however, that the instruction violates the separation of powers insofar as it explains the
application of the parole law. Specifically, appellant challenges that portion of the instruction that
states:
 
Under the law applicable in this case, if the defendant is sentenced to a term
of imprisonment, he will not become eligible for parole until the actual time served
equals one-half of the sentence imposed or 30 years, whichever is less, without
consideration of any good conduct time he may earn.
 
 
Id.
The Texas Constitution authorizes the legislature to “require or permit courts to
inform juries about the effect of good conduct time and eligibility for parole or mandatory
supervision on the period of incarceration served by a defendant convicted of a criminal offense.” 
Tex. Const. art. IV, § 11(a). The November 1989 constitutional amendment adopting this
language “cured the ‘separation of powers’ taint” that doomed an earlier attempt by the legislature
to mandate parole instructions substantially similar to those in article 37.07, section 4. Oakley
v. State, 830 S.W.2d 107, 110 (Tex. Crim. App. 1992); see Rose v. State, 752 S.W.2d 529, 552
(Tex. Crim. App. 1988) (op. on reh’g) (holding that predecessor statute violated separation of
powers and due course of law). The constitutional amendment was also deemed to have cured
the due course of law problems identified in Rose. Oakley, 830 S.W.2d at 111. 
Except for changes made to reflect an increase in the time required for parole
eligibility, the instruction given in this cause is identical to the instruction upheld in Oakley. 
There is nothing in the Oakley opinion to suggest that the court of criminal appeals’ endorsement
of the statutory instruction did not apply to that portion of the instruction appellant challenges
here. We are not persuaded by appellant’s argument that jurors may be told that parole and good
time exist, but may not be told how parole and good time are applied. To the contrary, we hold
that the constitutional authority to inform jurors “about the effect of good conduct time and
eligibility for parole or mandatory supervision on the period of incarceration” includes the
authority to inform jurors that a defendant convicted of aggravated robbery must serve one-half
of his sentence or thirty years, whichever is less, before becoming eligible for parole. Finding
no error in the charge, we overrule point of error one.
In his second point of error, appellant contends that two comments by the
prosecutor during the course of the trial denied him due process. The first comment was made
during jury selection, in response to a venire member’s question. The prosecutor was discussing
the range of punishment when the panelist asked, “What is life these days?” The prosecutor
replied, “For this type of offense, it is one-half the period that they serve [sic] or 30 years, I
believe whichever is less, but you can’t consider how that is going to be applied to this particular
defendant in this case because you don’t know how the parole law is going to apply.” The second
comment was made during the prosecutor’s closing argument at the punishment stage. After
reminding the jurors that “you can’t say how this law is going to be applied to this defendant,”
the prosecutor stated, “But under what the charge tells you, a 10-year sentence, you serve five
before eligibility; 20-year sentence, 10 before eligibility.”
Appellant did not object to either of the challenged statements. By failing to object,
appellant forfeited his right to complain about the statements on appeal. Johnson v. State, 68
S.W.3d 644, 655 (Tex. Crim. App. 2002); Valencia v. State, 946 S.W.2d 81, 82-83 (Tex. Crim.
App. 1997); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error two
is overruled. 
The judgment of conviction is affirmed.
 
 
                                                ___________________________________________
                                                Jan P. Patterson, Justice
Before Justices B. A. Smith, Patterson and Puryear
Affirmed
Filed: August 4, 2006
Do Not Publish