MEMORANDUM OPINION

No. 04-06-00344-CR

Lee Ann RICHARDSON,

Appellant

v.

The STATE of Texas,

Appellee

From the County Court at Law, Kendall County, Texas

Trial Court No. 05-320-CR

Honorable Bill R. Palmer, Judge Presiding




Opinion by: Karen Angelini, Justice



Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice



Delivered and Filed: February 14 , 2007



AFFIRMED



Nature of the Case


 A jury convicted Lee Ann Richardson ("Richardson") of the misdemeanor offense of Driving While Intoxicated ("DWI");
punishment was assessed at 365 days confinement, probated for twelve months, and a $1,000.00 fine. (1) Richardson filed a
motion for new trial and an amended motion for new trial which was overruled by operation of law. We affirm.

Background 

 

 On July 10, 2005, shortly after midnight, Officer Moncada, with the Boerne Police Department, observed a vehicle "parked
past the stop sign in the middle of the intersection." Moncada testified the vehicle was actually blocking one of the lanes on
the access road and when he saw this, he took the next exit, circling back in the direction of the parked vehicle. However,
before he reached the area where he first spotted the vehicle, he observed the vehicle traveling slowly in his direction. 
Moncada clocked the vehicle at 17 mph as it passed him. He then turned his vehicle around and followed the suspect
vehicle into an RV park, observing the driver of the vehicle turn without signaling. The driver, subsequently identified as
Lee Ann Richardson, immediately stepped out of her vehicle, stumbling as she did so. Officer Moncada made contact with
Richardson and detected a strong order of alcohol coming from her breath; he also observed that Richardson was lethargic
with red, bloodshot eyes and had slurred speech. Believing that Richardson had been drinking, Moncada decided to
administer field sobriety tests and went to turn off his patrol vehicle lights, whereupon Richardson promptly returned to her
vehicle and began digging through her purse. Moncada testified that he instructed Richardson to put her purse down three
times before she complied and that she stated she was looking for her cell phone so she could call her attorney. Moncada
then asked Richardson if she would be willing to perform field sobriety tests; however, Richardson refused. Richardson was
subsequently arrested and charged with DWI; a jury later convicted her of this same offense.

 Richardson appeals, arguing that the trial court erred in allowing questions and other statements by the prosecutor during
cross-examination and at summation, concerning a prior arrest and a second, unrelated, conviction for DWI.

Preservation of Error


 Texas Rule of Evidence 103(a)(1) provides that "[e]rror may not be predicated upon a ruling which admits or excludes
evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record,
stating the specific ground of objection, if the specific ground was not apparent from the context." Tex. R. Evid. 103(a)(1).
This evidentiary requirement is further augmented by Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure which
states that before a complaint may be raised on appeal, a timely request, objection, or motion must have been made to the
trial court that "state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint . . . ." Tex. R. App. P. 33.1(a)(1)(A); see also Gallups v. State,
151 S.W.3d 196, 204-05 (Tex. Crim. App. 2004). Further, it is well settled that "[b]efore a defendant will be permitted to
complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous
jury argument, he will have to show he objected and pursued his objection to an adverse ruling." Valencia v. State, 946
S.W.2d 81, 82-83 (Tex. Crim. App. 1997). 


Discussion


 Richardson complains that the trial court erred in overruling her motion for new trial because statements and extended
questioning concerning Richardson's prior conviction for DWI, as well as an unrelated arrest, were improperly admitted into
evidence, and argued at closing by the prosecutor. Nevertheless, the record reflects that Richardson took the stand and on
direct was asked if she had ever " had too much alcohol to drink in [her] life." Richardson responded, "[n]ot in many,
many, many years." After Richardson's attorney passed the witness, the prosecutor asked to approach the bench, wherein
the following exchange took place.

 [PROSECUTOR]: The Defendant stated on her direct examination that she'd never had too much alcohol to drink in her
life - not really in a long time.

 THE COURT: In many, many, many years. In many, many, many years.

 [PROSECUTOR]: Her prior was in 2001.

 THE COURT: Yeah, I've read it.

 [PROSECUTOR]: I feel like that opens the door.

 THE COURT: Yeah. That - I believe that opens the door.

 [DEFENSE ATTORNEY]: That's fine.

 THE COURT: Okay. 404(b). How many are there; one, two?

 [PROSECUTOR]: One conviction and another arrest.

 THE COURT: Do you know what happened to the one she was arrested -

 [PROSECUTOR]: It got bumped down to obstructing a highway or something.

 THE COURT: What - when was that?

 [PROSECUTOR]: Since this '01 one. I have it in my - folder in my folder over there.

 THE COURT: Okay. Well, ask her if you want. A conviction - you need to ask her that also.

 [PROSECUTOR]: Okay.

 THE COURT: Okay.

(Conclusion of the bench conference.)

(Emphasis added.) Thus Richardson's attorney not only failed to object to the State's expressed intent to introduce the prior
DWI conviction and unrelated arrest, but, in fact, conceded that Richardson's comment opened the door. Thereafter,
Richardson was questioned by the prosecutor regarding both the prior DWI conviction and the arrest. No objection by trial
counsel was ever raised. Likewise, during closing arguments, Richardson's attorney failed to object to the State's comments
regarding Richardson's prior conviction and arrest. Given Richardson's attorney's concession, as well as his failure to
object, we cannot say the trial court abused its discretion in denying Richardson's motion for new trial. See Tex. R. Evid.
103(a)(1); Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990). 

 We affirm the trial court's judgment. 


 Karen Angelini, Justice

Do Not Publish



1. This offense was enhanced by a prior commission of DWI for which Richardson was convicted on October 18, 2001.