



## MEMORANDUM OPINION

No. 04-11-00361-CR

Hector Mario **NUNCIO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-11284
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:    December 14, 2011

AFFIRMED

Hector Mario Nuncio appeals from his convictions for aggravated sexual assault and indecency with a child by contact. We affirm the trial court's judgment.

### ANALYSIS

Nuncio was indicted for a series of acts of sexual abuse of his granddaughter, D.N., over a period of three years. Specifically, Nuncio was charged with one count of aggravated sexual assault of D.N., and six counts of indecency with a child, D.N., by sexual contact. *See* TEX.

PENAL CODE ANN. §§ 22.021(a)(1)(B), 21.11(a)(1) (West Supp. 2011 & West 2011). After a jury trial, Nuncio was convicted of all counts and sentenced to fifteen years' imprisonment on each count, with the sentences to run concurrently. In his sole issue on appeal, Nuncio asserts the prosecutor engaged in willful misconduct during closing argument which deprived him of a fair trial and requires reversal. Specifically, Nuncio complains the prosecutor injected new facts into the case which were outside the evidence when she stated during her guilt-innocence closing argument that,

> He [Dad] was usually working. Mom was working. Grandma, Defendant's wife, was working. She worked in the liquor store, worked nights, would take jobs on weekends; so, Hector Nuncio was completely alone with this child. Perfect target, perfect opportunity for someone who likes to fondle children's breasts, genitals, digitally penetrate a child. Perfect opportunity. Perfect target, [D.N].

Nuncio contends the argument suggested that he had committed sexual abuse against other children besides the complainant, D.N., and that no evidence of such other crimes was presented during trial. Nuncio concedes he did not object to the prosecutor's statement, but asserts the error was so prejudicial it could not be cured by an instruction to disregard and thus did not require preservation. Nuncio relies on cases that pre-date *Cockrell v. State*, 933 S.W.2d 73 (Tex. Crim. App. 1996), in which the Court of Criminal Appeals held that in order for a defendant to complain on appeal about an improper jury argument, he must have objected in the trial court and obtained an adverse ruling on his objection; otherwise, his complaint about the improper argument is forfeited. *Cockrell*, 933 S.W.2d at 89; *see Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (proper method for preserving error based on prosecutorial misconduct is to object on specific grounds, request an instruction for the jury to disregard the comment, and move for a mistrial). The necessity to raise an objection in the trial court applies regardless of whether an instruction to disregard could have cured the improper argument. *Cockrell*, 933

S.W.2d at 89; *see Valencia v. State*, 946 S.W.2d 81, 82-83 (Tex. Crim. App. 1997); *see also Threadgill v. State*, 146 S.W.3d 654, 667, 670 (Tex. Crim. App. 2004) (reaffirming the *Cockrell* rule).

Because Nuncio did not object to the prosecutor's closing argument, he has failed to preserve any error. TEX. R. APP. P. 33.1(a). Accordingly, we overrule his sole issue on appeal and affirm the trial court's judgment.

Phylis J. Speedlin, Justice

DO NOT PUBLISH