**Affirmed and Opinion Filed January 22, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00349-CR

### LARRY EUGENE OWEN, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 29123**

## OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

Appellant pled guilty to driving while intoxicated and true to two prior DWI convictions and the jury assessed punishment at eight years' imprisonment. In a single issue on appeal, appellant complains that the State engaged in improper jury argument. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

During the punishment phase of trial, the prosecutor argued, in pertinent part:

> So, you don't have to be too much of a mathematician to figure out a quarter of the sentence, whatever you give him back there, is going to be the minimum he has to do before he is eligible for parole.

> So at some point folks he's got to be supervised by a parole officer in the State of Texas, okay? That's up to you how long he's on parole. Because if you sentence him to 10 years, the max, he'll be on parole for that full 10.

Appellant asserts the State's argument was improper because it mischaracterized the law and encouraged the jury to consider the effect of parole. The State does not dispute that the

argument was improper, but asserts that the error was not preserved, or alternatively, there was no harm.

To preserve an improper jury argument complaint, the defendant must: (1) object; (2) request an instruction to disregard; and (3) move for mistrial. *See Harris v. State*, 784 S.W.2d 5, 12 n. 4 (Tex. Crim. App. 1989). Even if the argument is egregious and an instruction to disregard would not cure the harm caused by the improper argument, the error is not preserved if the defendant did not object. *See Valencia v. State*, 946 S.W.2d 81, 82–83 (Tex. Crim. App. 1997) (op. on reh'g); *see also, Johnson v. State*, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002) (stating failure to object forfeits claim that prosecutor's comments about parole are incorrect or misleading).

Here, appellant did not lodge any objections when the State made the complained-of argument. Furthermore, appellant never requested an instruction that the jury disregard the allegedly improper argument and he did not move for a mistrial. Because appellant did not object to the argument, the alleged error was not preserved for review. Appellant's issue is overruled. The trial court's judgment is affirmed.

/Bill Whitehill/

Do Not Publish

Tex. R. App. P. 47

140349F.U05

BILL WHITEHILL

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY EUGENE OWEN, JR., Appellant

No. 05-14-00349-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 29123.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 22, 2015.