Opinion of November 6, 2003, Withdrawn, Affirmed and Memorandum Opinion
filed April 1, 2004












 
 
 
  
 
 
 




Opinion of November 6, 2003,
Withdrawn, Affirmed and Memorandum Opinion filed April 1, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01101-CR

NO. 14-03-01102-CR

____________

 

ROBRICHEE
DANIEL JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District
Court

Harris County,
Texas

Trial Court Cause Nos. 935,000
& 935,001

 



 

M E M O R A N D U M   O
P I N I O N

This court withdraws its opinion of November 6, 2003 and
issues this opinion in its place.

Appellant entered a guilty plea to the offenses of aggravated
robbery and aggravated assault of a public servant.  On August 19, 2003, the trial court sentenced
appellant to confinement for twenty years for aggravated robbery and
twenty-five years for aggravated assault of a public servant.  Appellant filed a pro se notice of
appeal.  








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and appellant filed a pro se response on
March 9, 2004.

In his pro se response, appellant contends he received
ineffective assistance of counsel because (1) counsel erroneously advised
appellant he would be eligible for community supervision, (2) counsel
erroneously advised appellant the court agreed to a cap on punishment, and (3)
counsel failed to make an argument with regard to punishment.

Appellant must show his counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding could have been different. 
Strickland v. Washington, 466 U.S. 668, 688‑93, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984); Valencia v. State, 946 S.W.2d 81, 83 (Tex.
Crim. App. 1997).  Judicial scrutiny of
counsel=s performance must be highly
deferential and we are to indulge a strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). We presume counsel=s actions and decisions were
reasonably professional and that they were motivated by sound trial
strategy.  Id.  Moreover, to rebut this presumption, appellant
must show, by a preponderance of the evidence, why trial counsel did what he
did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If the record contains no
evidence of the reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient or
speculate about the reasons behind trial counsel=s actions.  Jackson, 877 S.W.2d at 771.








If appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693. Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Id. at
691.  Appellant must prove that counsel=s errors, judged by the totality of
the representation, denied him a fair trial, or his claim fails.  Bone, 77 S.W.3d at 833.

The record contains no evidence of whether counsel gave
appellant erroneous advice.  Further, the
record reflects that appellant=s trial counsel made an argument at the presentence
investigation hearing.  Appellant failed
to present evidence of counsel=s ineffectiveness, nor has trial counsel been afforded an
opportunity to explain his actions. Without such an opportunity, appellant
failed to rebut the presumption that counsel=s actions were reasonably
professional and motivated by sound trial strategy.  Stults v. State, 23 S.W.3d 198, 208‑09
(Tex. App.‑Houston [14th Dist.] 2000, pet. ref'd).

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 1, 2004.

Panel consists of Justices Yates,
Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).