Affirmed and Opinion filed October 19, 2004









Affirmed and Opinion filed October 19, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01004-CR

____________

 

LARRY EARL GATTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 1160372

 



 

O P I N I O N

Appellant, Larry Earl Gatton, appeals from
his conviction for assault.  See Tex. Pen. Code Ann. ' 22.01 (Vernon
Supp. 2004).  Charged by information,
appellant entered a plea of Anot guilty.@  Appellant was convicted and sentenced by a
jury to 365 days= confinement in the Harris County Jail and
assessed a fine of $4,000.  In four
points of error, appellant asserts the evidence was both legally and factually
insufficient and that he received ineffective assistance of counsel at both the
guilt/innocence and punishment phases of his trial.  We affirm. 









Appellant=s conviction
arises out of an altercation at the C&M Ice House.  The complainant testified that she was at the
bar visiting her friend, the bartender. 
Appellant and his fiancee arrived sometime later in the evening.  Appellant was yelling questions about the
music selection on the juke box and the complainant replied to these
questions.  Apparently, complainant=s response angered
appellant and his fiancee.  Both the
bartender and the complainant testified that appellant and his fiancee were
giving the complainant Adirty looks.@ The complainant
testified the situation escalated into physical violence when appellant=s fiancee pushed
her as she was walking toward the pay phone. 
The two women began fighting.  At
some point during the fight, appellant punched the complainant in the face and
proceeded to hit her several more times. 
After other bar patrons pulled appellant away, he and his fiancee left
the bar.  A short time later, appellant
and his fiancee returned to the bar, but the bartender refused to serve them so
they left again.

The police were called and arrived shortly
thereafter.  Officer Childers, of the
Houston Police Department,  responded to
the call.  Childers observed the
complainant=s eyes were swollen and noticed scratches
on her face and chin.  As he was taking
down statements, one of the bar patrons indicated that appellant and his fiancee
were in the parking lot.  Appellant then
fled the parking lot in his truck. 
Childers and his partner pursued appellant and quickly took him into
custody.  Childers returned to the bar
with appellant where witnesses identified him as the person who committed the
assault.








Appellant asserted both self-defense and
defense of a third person at his trial. 
Appellant=s fiancee, Kristy Edwards, was the defense=s sole
witness.  Edwards described the
complainant as the original aggressor. 
After a series of escalating verbal exchanges, Edwards claims the
complainant pushed appellant in the chest. 
The two women proceeded to fight after the complainant pulled her hair.  A short time later, Edwards alleged that the
complainant moved toward appellant with Afists flying@ and ripped both
of his shirt sleeves off.  Edwards
claimed that she did not see appellant strike complainant.  She explained that she had turned around and
by the time she turned back around everything was over.  The court=s charge on
punishment included instructions on both self-defense and defense of a third
person.

Sufficiency of the Evidence

In his first two points of error,
appellant contends the evidence is legally and factually insufficient to
support his conviction because the State did not prove beyond a reasonable
doubt that appellant did not act in self-defense or defense of a third
person.  We overrule appellant=s first two points
of error.

The State bears a burden of persuasion,
but not necessarily a burden to produce evidence affirmatively refuting a
defensive theory.  Saxton v. State,
804 S.W.2d 910, 914 (Tex. Crim. App. 1991). 
In other words,
the State is not obliged to offer evidence refuting a claim of self‑defense,
but rather, the State is required merely to prove its case beyond a reasonable
doubt.  Id.; Tidmore v. State,
976 S.W.2d 724, 729B30  (Tex. App.CTyler 1998, pet. ref=d). Moreover, self-defense and
defense of others are fact issues to be determined by the jury.  See Saxton, 804 S.W.2d at 913B14.  AA jury verdict of
guilty is an implicit finding rejecting the defendant=s self‑defense
theory.@  Id.

In reviewing the legal sufficiency of the
evidence when a defensive issue is raised, we must determine whether any
rational trier of fact could find the essential elements of the offense beyond
a reasonable doubt. Saxton, 804 S.W.2d at 913B14.  We also must determine whether any rational
fact finder could hold against appellant on the defensive issue beyond a
reasonable doubt.  Id.  In making both determinations, we view all
the evidence in the light most favorable to the prosecution.  Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000); Saxton, 804 S.W.2d at 914.  Furthermore, in determining legal sufficiency,
we do not examine the fact finder=s weighing of the
evidence, but merely determine whether there is evidence to support the
verdict.  Clewis v. State, 922
S.W.2d 126, 132 n.10 (Tex. Crim. App. 1996).








Self‑defense and defense of others
are subject to a factual sufficiency review as well.  See Tucker v. State, 15 S.W.3d 229,
235 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  In conducting a factual sufficiency review,
we must view the evidence Awithout the prism
of >in the light most
favorable to the prosecution=@ and set aside the
verdict only if, considering all the evidence in a neutral light, the jury was
not rationally justified in finding guilt beyond a reasonable doubt.  Clewis
v. State, 922 S.W.2d at 129;  Zuniga v. State,
No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004).

Here, appellant contends the jury=s rejection of his
self‑defense and defense of others claims was contrary to the
overwhelming weight of the evidence.  The
jury heard evidence that appellant repeatedly hit the complainant after a
scuffle ensued between the complainant and appellant=s fiancee.  Appellant argues that his actions were taken
only in defense of himself and his fiancee. 
The only evidence in the record supporting appellant=s argument is the
testimony of his fiancee describing her own rendition of the brawl.  The complainant detailed her version of the
altercation and two other State=s witnesses
testified as to the severity of the complainant=s injuries.  In addition, the record contains photographs
of the physical injuries the complainant sustained due to appellant=s actions.  The jury is entitled to believe or disbelieve
any witness and may resolve any inconsistencies in favor of either party.  See Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  The jury
considered the evidence in this case and despite being instructed on the law of
self-defense and defense of others, found that appellant had committed an
assault.  Our own careful review of the
record indicates that any rational juror could have found beyond a reasonable
doubt that appellant did in fact commit an assault and did not act in
self-defense or the defense of another. 
Furthermore, the evidence to the contrary is not so overwhelming as to
render the jury=s verdict Aclearly wrong and
unjust.@  Accordingly, appellant=s first and second
points of error are overruled.








Ineffective
Assistance

Appellant complains in his third and
fourth points of error that he was denied effective assistance of counsel at
both the guilt/innocence and punishment phases of his trial.  Specifically, appellant cites six instances
in making his argument, namely that his trial counsel: (1) was unfamiliar with
the offense report; (2) waived cross-examination of the arresting officer; (3)
failed to object to cumulative evidence; (4) failed to object to Avictim impact statements@ before sentencing; (5) did not
present mitigating evidence; and (6) allowed appellant to stipulate to prior
convictions.  After reviewing the record,
we overrule appellant=s third and fourth points of error.

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. 
U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  The right to counsel necessarily includes the
right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984).  The United States
Supreme Court has established a two‑prong test to determine whether counsel
is ineffective.  Id.  First, appellant must demonstrate counsel=s performance was deficient and not
reasonably effective.  Id. at 688B92. 
Second, appellant must demonstrate the deficient performance prejudiced
the defense.  Id. at 693.  Essentially, appellant must show that his
counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Id.; Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App.
1997). 








Judicial scrutiny of counsel=s performance must be highly
deferential and we are to indulge the strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel=s actions and decisions were reasonably professional and that
they were motivated by sound trial strategy.  Id. 
Moreover, it is the appellant=s burden to rebut this presumption,
by a preponderance of the evidence, through evidence illustrating why trial
counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  When the record contains no
evidence of the reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); Jackson, 877 S.W.2d at 771.

If appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he still must affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691. Appellant must prove that counsel=s errors, judged by the totality of
the representation, denied him a fair trial. McFarland, 928 S.W.2d at
500.  If appellant fails to make the
required showing of either deficient performance or prejudice, his claim
fails.  Id. 

Here, appellant does not direct us to any evidence in the
record which indicates how he received ineffective assistance.  Appellant did not file a motion for new trial
and therefore, the record is silent as to the reasoning behind his trial
counsel=s actions.  An appellate court is not required to
speculate on the reasons behind trial counsel=s actions when confronted with a
silent record.  Jackson, 877
S.W.2d at 771; see also Thompson, 9 S.W.3d at 814 (Tex. Crim. App. 1999)
(holding that when the record provides no explanation as to the motivation
behind trial counsel=s actions, an appellate court should be hesitant to declare
ineffective assistance of counsel). 
Appellant fails to provide this Court with any evidence to affirmatively
demonstrate the ineffectiveness of his trial counsel.  Thus, appellant has not satisfied his burden
on appeal to rebut the presumption that counsel=s actions were reasonably
professional and motivated by sound trial strategy.








Moreover, even if the record rebutted the presumption of
sound trial strategy, appellant has not demonstrated that trial counsel=s performance prejudiced his
defense.  He has not, therefore, met the
second prong of the test.  Because
appellant produced no evidence concerning trial counsel=s reasons for choosing the course he
did, nor did he demonstrate prejudice to his defense, his third and fourth
points of error are overruled.

The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed October 19, 2004.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).